UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | LA CV23-05713-MWC-E | Date | April 20, 2026 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Aboudel Saddi, et al. | | |

| Present: The Honorable | MICHELLE WILLIAMS COURT, U.S. District Judge |
|---|---|

| T. Jackson | Lidia Perez |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Eddy Leal<br>Tomas Leon | Leza Abdulnour, Pro Se |

**Proceedings:   ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION; ORDER TO SHOW CAUSE WHY THE ANSWER OF DEFENDANT LEZA ABDULNOUR SHOULD NOT BE STRICKEN (DKT. [57]) JS-6**

The matter is called. The Court confers with Plaintiff's counsel and Defendant Leza Abdulnour.

Plaintiff fails to show cause that the case should not be dismissed for lack of prosecution. In deciding whether to dismiss the case for failure to prosecute, the Court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

As stated in greater detail on the record[1], the Court finds dismissal is appropriate based upon Plaintiff's failure to prosecute and failure to comply with the Federal Rules of Civil Procedure, including Federal Rules of Civil Procedure 16 and 26; the Central District of California Local Rules, including Local Rule 16-2; and the Court's civil trial order, *see* Dkt. # 52. Lead counsel for Plaintiff failed to meet and confer in person with Defendant

---

[1] The Court incorporates all findings of fact and conclusions of law made orally on the record at the hearing into this Order by reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

forty days in advance of the final pretrial conference, failed to timely file any pretrial documents, failed to appear at the final pretrial conference, and fails to demonstrate excusable neglect.  Three days after the final pretrial conference, Plaintiff's counsel filed a statement of the case, witness list, proposed jury instructions, and a proposed jury verdict, *see* Dkt. # 61–66.  These documents were filed several weeks after they were due and with no meet and confer as required by the Local Rules and court order.  In response to inquiry from the Court at the hearing, Defendant (*pro se*) stated she was personally served with an envelope of documents yesterday (Sunday).  Plaintiff's counsel argued this tardy delivery and failure to meet and confer as required by the rules should be excused because to try to comply with court rules and this Court's orders would have been "futile."

Additionally, the matter has been pending for almost three years, during which time the Court set two previous orders to show cause re dismissal for lack of prosecution.  *See* Dkts. # 1 (case filed July 14, 2023), 26 (August 1, 2024 OSC), 40 (December 5, 2025 OSC).  While counsel for Plaintiff made an oral request to continue trial at today's hearing, no motion to continue trial or any other scheduled and ordered date has been filed.

In consideration of these factors and other argument presented at the hearing without evidentiary support (some of which was internally inconsistent and contradictory), the Court orders the case **DISMISSED** pursuant to the Court's inherent power and Federal Rule of Civil Procedure 41.

The Court **DISCHARGES AS MOOT** the Order to Show Cause as to why the answer of Defendant Leza Abdulnour should not be stricken for failure to appear at the final pretrial conference.

All future dates are **VACATED**.

**IT IS SO ORDERED.**

|  | 01:10 |
|---|---|
| **Initials of Preparer** | TJ |